

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,674-01

### EX PARTE SHARAY AUDRETTE THOMAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1388776-A IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined.

### O P I N I O N

Applicant pleaded guilty to delivery of cocaine, less than one gram, and was sentenced to 180 days' imprisonment in State Jail. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant has discharged this sentence. The habeas court finds credible Applicant's assertion that she continues to suffer consequences arising from this conviction, including its negative effects on her ability to find employment and housing. Therefore, Applicant is "confined" for purposes of Article 11.07.

Applicant claims that she was denied due process through the use of material false

evidence, and that her guilty plea was involuntary. These claims relate to the discovery of misconduct by former Houston Police Officer Gerald Goines, who was the primary officer involved in the alleged offense. Based on the record, the habeas court finds that Applicant was denied due process by the use of material false evidence against her, and that Applicant's guilty plea was involuntary. *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The habeas court recommends granting relief on false evidence and involuntary plea grounds. We agree.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009). The judgment in cause number 138877601010 in the 262nd District Court of Harris County is set aside. Applicant shall answer the charges as set out in the indictment. The trial court shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 19, 2024
Do not publish